UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SKOKOMISH INDIAN TRIBE,<br><br>                    Plaintiff,<br><br>            v.<br><br>PETER GOLDMARK, et al.,<br><br>                    Defendants. | CASE NO. C13-5071JLR<br><br>ORDER GRANTING MOTION FOR LEAVE TO PARTICIPATE AS AMICI CURIAE |

## I.     INTRODUCTION

Before the court is the Hoh Tribe and the Quileute Tribe's ("Moving Tribes") motion for leave to participate in this action as *amici curaie*. (Mot. (Dkt. # 66).) The court has reviewed the submissions of Moving Tribes and Plaintiff Skokomish Indian Tribe, the balance of the record, and the governing law. Being fully advised, the court GRANTS Moving Tribes' motion to participate as *amici curaie* as described below.

//

ORDER- 1

## II. BACKGROUND

Skokomish Indian Tribe brought this action for declaratory and injunctive relief to protect its alleged privilege of hunting and gathering roots and berries on open and unclaimed lands under Article 4 of the Treaty of Point No Point of January 26, 1855, 12 Stat. 933. (*See generally* Am. Compl. (Dkt. # 50).) Defendants include certain agencies and officials of Washington State ("State Defendants") and various Prosecuting Attorneys from counties around the state ("Prosecuting Attorney Defendants"). (*Id.* ¶¶ 12-28.) Skokomish Indian Tribe alleges that Defendants are enforcing a disputed interpretation of the Article 4 privilege, view the Point No Point Treaty narrowly, or seek to abrogate it altogether. (*See, e.g.*, *id.* ¶¶ 91, 127.)

Moving Tribes assert that they are parties to the Treaty of Olympia, which contains similar language to the Treaty of Point No Point, and which also provides for hunting and gathering rights for the signatory tribes. (Mot. at 2.) They argue that Skokomish Indian Tribe appears to assert hunting and gathering rights in the present litigation that impinge upon Moving Tribes' ceded areas. (*Id.*)

On July 3, 2013, State Defendants and the Prosecuting Attorney Defendants filed two motions to dismiss Skokomish Indian Tribe's amended complaint. (*See* Mots. to Dismiss (Dkt. ## 59, 60).) On July 22, 2013, Moving Tribes filed a memorandum in support of the motions to dismiss. (Prop. Amici Brief (Dkt. # 67).) They also filed the present motion seeking leave to participate as *amici curiae*. (*See generally* Mot.) Moving Tribes state that their motion for leave to participate as *amici curiae* is limited to the following issues: (1) treaty rights and (2) the indispensability of other tribes having

vital interests in the claims at issue in this lawsuit. (Mot. at 1, 3.) Skokomish Indian Tribe opposes the Moving Tribes' participation. (Resp. (Dkt. # 76).) The Skokomish Indian Tribe argues that the Moving Tribes' motion is untimely, the parties are already adequately represented, the Moving Tribes could intervene as parties, and the Moving Tribes' memorandum in support of the motions to dismiss is duplicative. (*See generally id.*)

### III.   ANALYSIS

District courts may consider amicus briefs from non-parties "concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (quoting *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003) and *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997)). The court has "broad discretion" to appoint amicus curiae. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

Skokomish Indian Tribe asserts that Moving Tribe's motion should be denied because the parties are adequately represented and Moving Tribe's proposed *amici curiae* brief is duplicative of Defendants' memoranda. (Resp. at 5-6.) The court has no doubt that the parties here are well-represented by counsel. Nevertheless, the court finds that Moving Tribes' input would be helpful in considering Defendants' motions to dismiss and Skokomish Indian Tribe's response to those motions. Moving Tribes have

experience enforcing and administering treaty rights and working with federal, state, and local governments in that process.  (*See* Mot. at 2-3.)  They also have asserted treaty rights in the relevant geographic area (*see* Mot. at 2), and their proposed *amici curiae* brief provides a singular viewpoint from tribes that are signatories of the Treaty of Olympia (*see generally* Prop. *Amici* Brief).  Thus, the court concludes that Moving Tribes may have "unique information or perspective that can help the court."  *Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999) (citing *N. Sec. Co. v. United States*, 191 U.S. 555, 556 (1903)); *see also Warren v. United States*, No. 06-CV-0226S, 2009 WL 1663991, at *1 (W.D.N.Y. June 15, 2009) ("The usual rationale for *amicus curiae* submissions is that they are of aid to the court and offer insights not available from the parties.").  Further, having reviewed the Moving Tribes' proposed *amici curiae* brief in support of Defendants' motions to dismiss, the court does not find that it is duplicative of Defendants' memorandums.

Skokomish Indian Tribe also asserts that Moving Tribes' response in support of Defendants' motions to dismiss is untimely.  (Resp. at 2-3.)  There are no particular local rules governing when an *amicus curiae* must file its brief in response to a motion of one of the parties.  Thus, the court will be indulgent with respect to the timing of the Moving Tribes' initial *amici curiae* brief regarding Defendants' motions to dismiss.  In the future, however, and in the absence of its own local rule, this court will adhere to the Federal Rules of Appellate Procedure in this case with respect to timing and require Moving Tribes to file any memorandum commenting on a party's memorandum no later than seven days after the party's principal brief is filed.  *See* Fed. R. App. P. 29(e).  The court

also chooses to adhere to other rules concerning *amicus curiae* found in the Federal Rules of Appellate Procedure. First, moving forward, any *amici curiae* brief filed by Moving Tribes will be limited to no more than one-half the maximum length authorized by this court's local rules for a party's principal brief. *See* Fed. R. App. P. 29(d); *see also* Local Rules W.D. Wash. LCR 7(e). Further, Moving Tribes shall not file reply memoranda or participate in oral argument unless authorized in advance by the court. *See* Fed. R. App. P. 29(f), (g).

In objecting to Moving Tribes participation as *amici curiae*, Skokomish Indian Tribe argues that the court should require Moving Tribes to intervene as party plaintiffs or defendants. (Resp. at 5.) In their proposed *amici curiae* brief, however, Moving Tribes assert that the action should be dismissed because they and other tribes, who are signatories of the Treaty of Olympia and other treaties, are necessary and indispensable parties to the lawsuit under Federal Rule of Civil Procedure 19, who can nevertheless not be joined due to the sovereign immunity of these tribes.[1] (*See generally* Prop. Amici Brief.) Thus, if the court were to require Moving Tribes to intervene as parties, it would be effectively requiring them to waive sovereign immunity, at least on a limited basis, for the purpose of arguing sovereign immunity. As a practical matter, and as previous courts have concluded, forcing Moving Tribes to jump through this hoop would elevate form over substance and would not change the overall posture of this proceeding. *See, e.g.*,

---

[1] This argument is similar but not identical to the argument asserted by Defendants that the action should be dismissed based on Federal Rule of Civil Procedure 19 due to the inability to join other tribes that are signatories of the Point No Point Treaty. (*See* State Defendants' Mem. (Dkt. # 59) at 13-22.)

ORDER- 5

1 *Citizens Against Casino Gambling in Erie Cnty. v. Kempthorne*, 471 F. Supp. 2d 295, 311-12 (W.D.N.Y., 2007); *Warren v. United States*, No. 06-CV-0226S, 2009 WL 1663991, at *3 (W.D.N.Y. June 15, 2009).  Accordingly, the court declines to deny Moving Tribes' motion on this basis.

Finally, this court has repeatedly granted Indian tribes leave to participate as *amici curiae* in cases potentially touching upon tribal treaties or the governance of their territories.  *See, e.g.*, *Nw. Sea Farms, Inc. v. U.S. Army Corps of Eng'rs*, 931 F. Supp. 1515, 1518 (W.D. Wash. 1996) (granting leave to Nooksack Tribe to appear as *amicus curiae* in case regarding denial of fish farm operator's permit to farm Lummi Nation's treaty fishing grounds); *Muckleshoot Indian Tribe v. Hall*, 698 F. Supp. 1504, 1505 n.1 (W.D. Wash. 1988) (granting Tulalip Tribes leave to appear as amicus curiae in case brought by Muckleshoot and Suquamish Tribes seeking to enjoin construction of a marina due to interference with Muckleshoot and Suquamish treaty fishing rights).  In light of the discussion above, the court finds no reason to reach a different result here.  In their motion, however, Moving Tribes expressly limit their request to participate as *amici curiae* to two specific issues:  (1) treaty rights and (2) the asserted indispensability of tribes who have interests in the claims at issue.  (*See* Mot. at 1.)  Accordingly, the court grants Moving Tribes' motion to participate as *amici curiae*, but limits that participation to the two issues specifically identified in the motion.

## IV.   CONCLUSION

The court GRANTS Moving Tribes' motion to participate as *amici curiae* (Dkt. # 66), but limits that participation to two issues:  (1) treaty rights and (2) the asserted

ORDER- 6

1 | indispensability of tribes who have interests in the claims at issue.  The court further
2 | orders Moving Tribes to file any future *amici curiae* briefs within the time and page
3 | limitations delineated above.  Finally, unless authorized by the court in advance, Moving
4 | Tribes may not file reply memorandum or participate in any oral arguments before the
5 | court.

Dated this 21st day of October, 2013.

JAMES L. ROBART
United States District Judge

ORDER- 7