1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
                              AT SEATTLE

9

10    SKOKOMISH INDIAN TRIBE,                    CASE NO. C13-5071JLR

11                 Plaintiff,                    ORDER GRANTING MOTION
                                                 TO SEAL
12          v.

13    PETER GOLDMARK, et al.,

14                 Defendants.

15          Before the court is *amici curiae* the Hoh Tribe and Quileute Tribe's (the "Hoh and

16    Quileute") renewed motion to seal.  (Mot. (Dkt. ## 92, 94).)  The Hoh and Quileute ask

17    the court to:  (1) seal portions of the Skokomish Indian Tribe's (the "Skokomish")

18    response memorandum to the Hoh and Quileute's motion for leave to participate as *amici*

19    *curiae* (Skokomish Resp. (Dkt. # 76)); (2) maintain under seal the Hoh and Quileute's

20    unredacted reply memorandum regarding their motion for leave to participate as *amici*

21    *curiae* (Dkt. # 80); (3) seal portions of the Skokomish's response memorandum to the

22    Hoh and Quileute's first motion to seal (Resp. 1 (Dkt. # 82)); (4) maintain under seal the

ORDER- 1

1   Hoh and Quileute's unredacted reply memorandum regarding their first motion to seal

2   (Dkt. # 88); (5) maintain under seal the Hoh and Quileute's unredacted renewed motion

3   to seal (Mot. (Dkt. # 94)); (6) maintain under seal the unredacted declaration of Lauren

4   King and associated exhibit filed in support of the Hoh and Quileute's renewed motion to

5   seal (King Decl. (Dkt. # 95); *id.* Ex. A (Dkt. # 95-1)); (7) seal portions of the

6   Skokomish's response memorandum to the Hoh and Quileute's renewed motion to seal

7   and the memorandum's associated exhibits (Resp. 2 (Dkt. # 98); *id.* Ex. B (Dkt. # 98-2);

8   *id.* Ex. C (Dkt. # 98-3)); and (8) maintain under seal the Hoh and Quileute's unredacted

9   reply memorandum regarding their renewed motion to seal (Reply (Dkt. # 100)).  (*See*

10  Mot. at 1, 5; Reply at 1-2, 4-5.)  Having reviewed the motion, all submissions filed in

11  support of and opposition thereto, the balance of the record, and the applicable law, and

12  considering itself fully advised, the court GRANTS the Hoh and Quileute's renewed

13  motion to seal (Dkt. ## 92, 94).

14          Under Local Rule LCR 5(g) "[t]here is a strong presumption of public access to

15  the court's files."  Local Rules W.D. Wash. LCR 5(g)(3).  To rebut this presumption the

16  party seeking to seal a document must file a motion that includes:

17          (A) a certification that the party has met and conferred with all other parties
            in an attempt to reach agreement on the need to file the document under
18          seal, to minimize the amount of material filed under seal, and to explore
            redaction and other alternatives to filing under seal; this certification must
19          list the date, manner, and participants of the conference.

20          (B) a specific statement of the applicable legal standard and the reasons for
            keeping a document under seal, with evidentiary support from declarations
21          where necessary.

22  *Id.*  This rule places the burden on the moving party to come forward with an applicable

ORDER- 2

1   legal standard justifying the seal and to produce evidentiary support showing that the

2   standard is met.  *See id.*  The Hoh and Quileute's renewed motion to seal satisfies Local

3   Rule LCR 5(g).

4        First, the Hoh and Quileute have met and conferred as required by Local Rule

5   LCR 5(g)(A).  Their renewed motion certifies that their counsel have "met and conferred

6   with all other parties in an attempt to reach agreement on the need to file the

7   document[s]" at issue under seal, as required by Local Rule LCR 5(g)(3)(A).  (*See*

8   *generally* Certification of Meet and Confer (Dkt. # 92-1).)  The certification details the

9   parties' discussion regarding the documents subject to the renewed motion to seal.  (*See*

10  *id.* at 1.)  The certification also lists the date, manner, and participants of the conference.

11  (*See id.*)  Furthermore, the Skokomish do not refute any part of the Hoh and Quileute's

12  certification.[1]  (*See generally* Resp. 2)  Thus, the Hoh and Quileute's renewed motion to

13  seal satisfies Local Rule LCR 5(g)(3)(A).

14       Second, as required by Local Rule LCR 5(g)(B), the Hoh and Quileute come

15  forward with an applicable legal standard justifying their renewed motion to seal.  The

16  Hoh and Quileute point the court to numerous cases in which courts of the Ninth Circuit

17  have accepted private confidentiality agreements as "good cause" justifying a motion to

18  seal non-dispositive motions and associated documents.  (*See* Mot. at 3 (citing *Pike v.*

19  *Hester*, No. 3:12-CV-00283-RCJ, 2013 WL 3491222, at *7 (D. Nev. July 9, 2013);

20  *Boucher v. First Am. Title Ins. Co.*, No. C10-0199RAJ, 2011 WL 5299497, at *5 (W.D.

21

22  _____

   [1] *See* Local Rules W.D. Wash. CR 7(b)(2) ("If a party fails to file papers in opposition to a motion, such failure may be considered . . . an admission that the motion has merit.").

1   Wash. Nov. 4, 2011); *Mesa Bank v. Cincinnati Ins. Co.*, No. 09-12-PHX-GMS, 2009 WL

2   247908, at *2 (D. Ariz. Feb. 3, 2009)).)  The Hoh and Quileute, through their renewed

3   motion to seal, only request that non-dispositive motions and some associated documents

4   be sealed.  (*See* Mot. at 1, 5; Reply at 1-2, 4-5.)  Thus, the standard in *Pike*, *Boucher*, and

5   *Mesa* applies here.

6        The confidentiality agreement between the Skokomish, Hoh, and Quileute justifies

7   the renewed motion to seal.  The Skokomish entered into a confidentiality agreement

8   with the Hoh and Quileute earlier this year.  (*See* King Decl. at 1; *id.* Ex. A at 7.)  The

9   Hoh and Quileute assert that a clause in that agreement binds the "Skokomish, Quileute,

10  and Hoh to continuing duties of confidentiality, including a duty to keep the fact of the

11  existence of the document itself confidential."  (Mot. at 1-2.)  The Skokomish do not

12  dispute this interpretation.[2]  (*See generally* Resp. 2.)

13       Despite the confidentiality agreement, the Skokomish have disclosed and

14  discussed the agreement numerous times in their pleadings, and even prior to this

15  proceeding.  (*See* Skokomish Resp. at 3; Resp. 1 at 1-3; Resp. 2 at 1-4; *id.* Ex. B at 2; *id.*

16  Ex. C at 4.)  The Skokomish assert that their tribal constitution requires them to disclose

17  the existence of the agreement, and that their prior disclosures render the confidentiality

18  requirement of the agreement moot.  (*See* Resp. 2 at 2-3.)  The court disagrees.  Only the

19  benefiting party can waive a contractual clause.  *See Mike M. Johnson, Inc. v. Cnty. of*

20  *Spokane*, 78 P.3d 161, 166 (Wash. 2003).  "A party to a contract may waive a contract

21  _____

22       [2] *See* Local Rules W.D. Wash. CR 7(b)(2) ("If a party fails to file papers in opposition to a motion, such failure may be considered . . . an admission that the motion has merit.").

ORDER- 4

provision, which is meant for its benefit, and may imply waiver through its conduct." *Id.*
"Waiver by conduct, however, 'requires unequivocal acts of conduct evidencing an intent
to waive.'" *Id.* (quoting *Absher Const. Co. v. Kent Sch. Dist. No. 415*, 890 P.2d 1071,
1074 (Wash. Ct. App. 1995)).  Even though the confidentiality clause could benefit any
party to the agreement, the Hoh and Quileute are the parties attempting to enforce the
confidentiality clause, and there is no evidence before the court that the Hoh and Quileute
"unequivocally waived" their right to enforce the confidentiality clause. *Id.*  Thus, the
confidentiality provision is enforceable, and a proper basis to justify the Hoh and
Quileute's renewed motion to seal.[3]

The court therefore GRANTS the Hoh and Quileute's motion to seal the non-
dispositive documents referencing the agreement between the Skokomish, Hoh, and
Quileute (Dkt. ## 92, 94).  The Skokomish are ordered to file on the docket redacted
versions of the following documents:  (1) the Skokomish response memorandum to the
Hoh and Quileute's motion for leave to participate as *amici curiae* (Dkt. # 76); (2) the
Skokomish's response memorandum to the Hoh and Quileute's first motion to seal (Dkt.
# 82); and (3) the Skokomish's response memorandum to the Hoh and Quileute's

---

[3] The court finds the Skokomish's remaining argument in opposition to the renewed motion to seal similarly unavailing.  The Skokomish claim that Federal Rule of Civil Procedure 26 authorizes them "to disclose the existence of the [agreement] and the nature of communications under it" because the agreement is likely discoverable.  (Resp. 2 at 4.)  Rule 26 applies within the context of discovery, and the Skokomish have not disclosed the agreement within the context of discovery.  (*See generally* Mot.; Reply.)  Furthermore, the same "good cause" standard discussed above applies to motions seeking a protective order over materials disclosed during discovery.  (*See Mesa Bank*, 2009 WL 247908, at *1 (citing *San Jose Mercury News, Inc. v. U.S. Dist. Court--N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999)).  Thus, the above analysis would also apply within the discovery context.

1    renewed motion to seal and its associated exhibits (Dkt. # 98, 98-2, 98-3).  The

2    documents shall be redacted to conceal any mention of or reference to the confidentiality

3    agreement or its contents.  (*See* Reply at 4-5.)  And the court will seal the unredacted

4    versions of these documents (Dkt. ## 76, 82, 98, 98-2, 98-3).

5         The court will maintain under seal:  (1) the Hoh and Quileute's unredacted reply

6    memorandum regarding their motion for leave to participate as *amici curiae* (Dkt. # 80);

7    (2) the Hoh and Quileute's unredacted reply memorandum regarding their first motion to

8    seal (Dkt. # 88); (3) the Hoh and Quileute's unredacted renewed motion to seal (Dkt.

9    ## 94); (5) the unredacted declaration of Lauren King and associated exhibit filed in

10   support of the Hoh and Quileute's renewed motion to seal (Dkt. ## 95, 95-1); and (8) the

11   Hoh and Quileute's unredacted reply memorandum regarding their renewed motion to

12   seal (Dkt. # 100).

13        Furthermore, in the interest of judicial economy, any party that references the

14   confidentiality agreement at issue here in a future pleading must (1) file the pleading with

15   any reference to the agreement redacted, and (2) file an unredacted version of the

16   pleading under seal.  Failure to do so may result in sanctions.

17        Dated this 20th day of November, 2013.

18

19        _____

20        JAMES L. ROBART
          United States District Judge

21

22

ORDER- 6